ORDER
GARY P. SULLIVAN, Chief Justice.
An ORDER TO SHOW CAUSE having been issued October 14, 1999, and the hearing on said Order having been continued at the request of the Appellee, and another ORDER TO SHOW CAUSE having been issued November 2, 1999 and the hearing having been conducted on November 5, 1999, and good cause appearing, the Court finds the following:
1. That Mary L. Zemyan, Esq., (herein “counsel”) counsel for Appellant herein, was previously employed by Appellee as his Counsel in an employment related matter before the Bureau of Indian Affairs. Said Counsel was subsequently contacted by Appellant to represent her in petitioning for review of the present matter. Counsel was not employed during the trial phase, but rather, represented Appellant for the purposes of this appeal only. This Court finds that Counsel’s previous representation of Appellee, and any representation of Appellant in any proceeding which is related and adverse to Appellee, violates the letter and spirit of the CODE OF ETHICS FOR ATTORNEYS AND LAY COUNSELORS OF THE FORT PECK INDIAN RESERVATION, Canon 7, § 2.[1]
*169 2. That neither party was able to file a meaningful brief in this Court regarding the custody matter due to the absence and unavailability of the transcript from the hearing on May 27, 1999 in Tribal Court.
3. That Appellee admitted during the ‘Show Cause’ hearing that he had taken action in the Crow Tribal Court which was contrary to an existing order issued by this Court on June 19, 1998. However, Appel-lee represents to this Court that said actions were not intended to be contemptuous in any way, but rather such actions were taken solely in the belief that he was acting in the best interests of his children. Appellee represented to this Court that he will demonstrate his ‘good faith’ intentions by withdrawing any and all matters now pending before said Crow Tribal Court as related to, or adversely affecting, Appellant, in the custody matter now pending in the Fort Peck Tribal Court system.
IT IS NOW THEREFOR THE ORDER OF THIS COURT THAT:
1. That Mary L. Zemyan, Esq., is hereby disqualified from representation of appellant in the Tribal Court proceeding In re: Matter of Custody of the Falls Down Children, JV/CV-V-0270 pursuant to Canon 7, § 2 Code of Ethics for Attorneys and Lay Counselors of the Fort Peck Reservation.
2. That failure to file briefs in this matter is excusable due to the unavailability of a transcript from the hearing on May 27, 1998 and that no action by this Court will be taken for such failure.
3. That the appellee is in contempt for his failure to comply with this Court’s ORDER STAYING JUDGMENT OF TRIBAL COURT, issued on June 19, 1998, however, such contempt will be held in abeyance for a period of ninety (90) days or until further order of this Court. Said contempt can be ameliorated by appellee by his immediate withdrawal of any and all actions against Marci Charbonneau now pending before the Crow Tribal Court, relating to the care, custody, support, or visitation of the Falls Down minor children.
4. This matter is remanded to the Fort Peck Tribal Court for a hearing to be held not later than thirty (30) days from the date of this Order', wherein the Tribal Court shall receive any and all evidence deemed relevant to, and shall make findings on, the following issues:
a. Custody of the Falls Down children.
b. Child support for the Falls Down children.
*170 c. Visitation of the Falls Down children by the non-custodial parent.
5. The ORDER STAYING JUDGMENT OF TRIBAL COURT, issued on June 19, 1998, by this Court, is dissolved pending the hearing referred to in paragraph four (4) above. The custody of the Falls Down children shall remain status quo pending said hearing.

. Canon 7 CONFLICT OF INTEREST
(I)An attorney should not represent a client if that representation will be adverse to the interests of another client, or if the attorney's own interests conflict with those of a client, unless:
(a) the attorney reasonably believes the representation will not adversely affect his or her ability to represent each client fully and competently; and
(b) each client consents after disclosure and consultation.
Examples of conflict of interest between clients include:
representing opposing parties in litigation, representing more than one defendant in a criminal case, and representing a client against a parly who is a client in another case, even if the two eases are unrelated. Examples of conflicts of interest between a lawyer and client include: entering into any business transaction with a client, and acquiring any financial interest adverse to the client.
(2) An attorney who had formerly represented a client shall not thereafter represent another client in a related matter in which that client’s interest are adverse to the interests of the former client, unless the former client consents after consultation.
(3) An attorney shall not represent a client in a matter in which that attorney served as a judge or arbitrator without the consent of all parties to the proceeding.